UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 3 1 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Case No. 3:20-mj-00782-BN *SEALED* |
| | § |
| JASON SHEROD BALDWIN (1) | § |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at: <u>1100 Commerce St., Dallas, TX  75242 as directed.</u>
   *Place/Date/Time*

   If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☒ (6) The defendant is placed in the custody of: **Chante Spratling**
Person or organization
Address (only if above is an organization) **8110 Skillman St #2023**
City and state **Dallas, TX** Tel. No **(214) 277-9508**

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: *Chante Spratling* Date **7/31/2020**
Custodian

☒ (7) The defendant must:
☒ (a) submit to supervision by and report for supervision to the <u>Supervising Officer</u> telephone number 214/753-2500, no later than **7/31/2020**
☐ (b) continue or actively seek employment.
☐ (c) continue or start an education program.
☒ (d) surrender any passport to: **US District Clerk**
☒ (e) not obtain a passport or other international travel document.
☒ (f) abide by the following restrictions on personal association, residence, or travel: *reside at address with mother as approved by pretrial services — Travel restricted to Northern District of Texas unless prior permission from pretrial services*
☐ (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or Prosecution, including:
☒ (h) get ~~medical or~~ psychiatric treatment: *sex offender treatment*
☐ (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:
☐ (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
☒ (k) not possess a firearm, destructive device, or other weapon.
☐ (l) not use alcohol ☐ at all ☐ excessively.
☒ (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner.
☒ (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
☐ (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
☒ (p) submit to location monitoring as directed by the pretrial services office or supervising officer and participate in one the following location restriction programs and comply with all program requirements as directed.
  ☐ (i) **Curfew.** You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the pretrial services office or supervising officer; or
  ☒ (ii) **Home Detention.** You are restricted to your residence at all times except for ~~employment, education, religious services,~~ medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
  ☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
☐ (q) **Stand Alone Monitoring (SAM):** Requires the use of Global Positioning System (GPS) tracking to monitor and enforce any other condition(s) of release (e.g., travel restrictions). _____
☒ (r) you must pay all or part of the cost of any monitoring program based on your ability to pay as determined by the pretrial services or supervising officer.
☐ (s) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
☒ (t) *- Do not possess any form of pornographic material*
*- No unsupervised contact with any minor (see attached)*
*- Do not own or possess any internet-capable devices (unless subjected to computer monitoring by pretrial services), including but not limited to computers, smart phones, iPhones, iPads, and gaming consoles.*

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____
*Defendant's Signature*

X 7700 Green *[illegible]* Blvd *[illegible]*
*Address, City, and State*

### Directions to the United States Marshal

[X] The defendant is ORDERED released after processing. on Monday, August 3, 2020

[ ] The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 7/31/2020

_____
*Judicial Officer's Signature*

DAVID L. HORAN, U.S. MAGISTRATE
_____
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

 (t) The defendant shall not have any form of unsupervised contact with persons under the age of 18 at any location, including but not limited to, the defendant's residence, place of employment, and public places where minors frequent or congregate, without prior permission of the probation officer.

 (u) The defendant shall neither possess nor have under his control any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

 (v) The defendant shall not own possess or access any mobile electronic communication device capable of connecting to the internet, including so-called "smart" phones, tablets, or watches. ~~Defendant may utilize one device without internet access capability for phone calls and texts, e.g., a "flip phone," so long as such device has been approved in advance by the probation officer.~~

 (w) The defendant shall not have access to any computer.

( ) (x) The defendant shall participate in and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40.00 per month. As part of the Computer and Internet Monitoring Program,

> (i) The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer(s) and mobile communication devices. The monitoring may include the installation of hardware and/or software systems that allow for the evaluation of computer and mobile electronic communication device use. The defendant shall not remove, tamper with, reverse engineer or circumvent the software in any way. The defendant shall only use authorized computer systems and mobile devices that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer and mobile electronic communication device searches prior to the installation of software. The monitoring software may be removed at any time during the term of supervision at the discretion of the probation officer.
>
> (ii) The defendant shall submit to periodic unannounced examination of his computer(s), storage media, and/or other electronic or Internet-capable devices performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence in a violation of supervision. This may include the retrieval and copying of

any prohibited data and/or the removal of such systems to conduct a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider(s).

(iii) The defendant shall not use any computer or electronic communication devices without the prior approval of the probation officer.

(iv) The defendant shall not use any software program or device designed to hide, alter or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer or other electronic communication devices.

(v) The defendant shall not maintain or create a user account on any social networking site (e.g., Facebook, Facebook Messenger, Snapchat, Instagram, Twitter, WhatsApp, Blogspot, MySpace, Tinder, Kik, GroupMe, AdultFriendFinder, etc.) that allows access to persons under the age of 18, the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile of users under the age of 18.

(vi) The defendant shall not use or possess any gaming consoles or handheld electronic gaming devices (including, but not limited to Xbox, PlayStation, Nintendo) without prior permission from the probation officer.

(vii) The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

(viii) the defendant shall not access any service or use any software that allows for the direct peer-to-peer contact that may include chat rooms, file sharing or other similar activity, without permission from the probation officer.

(ix) The defendant shall no use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to PDA's, electronic games and cellular/digital telephones or tablets.

(x) The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

(xi) The defendant shall be required to log onto his authorized computer using an assigned user name (true name) and biometric user authentication.